1
2
3
4
5
6
7

8                        UNITED STATES DISTRICT COURT

9                       EASTERN DISTRICT OF CALIFORNIA

10

TERRI DOROTHY CONTRERAS,        )        2:06-cv-2858-GEB-EFB
11   individually and as guardian ad )
     litem for Minor plaintiff D.C.,  )
12                                     )
                   Plaintiff,          )    STATUS (PRETRIAL
13                                     )    SCHEDULING) ORDER AND
          v.                           )    ORDER DISCHARGING ORDER
14                                     )    TO SHOW CAUSE
     J.D. ORNELAS, individually,       )
15                                     )
                   Defendant.[1]       )
16   _____)

17            The status (pretrial scheduling) conference scheduled for

18   May 7, 2007, is vacated, and the Order to Show Cause issued March 19,

19   2007, is discharged.[2]

20                       DISMISSAL OF DOE DEFENDANTS

21            Since Plaintiff has not justified Doe defendants remaining

22   in this action, Does 1 through 25 are dismissed.  See Order Setting

23   _____

24        [1]   The caption has been amended according to the Dismissal
     of Doe Defendants portion of this Order.
25
          [2]   The parties' joint response to the Order to Show Cause
26   indicates that "[t]he attorneys believed in good faith that their
     submission of the JSR was timely" and that "defendants did not
27   appear in the case until March 9, 2007, the day the JSR was due."
     The parties are warned that, in the future, failure to meet a
28   filing deadline may lead to sanctions.

                                      1

1  Status (Pretrial Scheduling) Conference filed December 18, 2006 at 2

2  n.2 (indicating that if Plaintiff fails to set forth in the joint

3  status report a date by when the identities of any "Doe" defendants

4  are expected to be discovered, the claims against Doe defendants would

5  be deemed abandoned and a dismissal order would follow).

6                SERVICE, JOINDER OF ADDITIONAL PARTIES, AMENDMENT

7          No further service, joinder of parties or amendments to

8  pleadings is permitted, except with leave of Court, good cause having

9  been shown.

10                              DISCOVERY

11         All discovery shall be completed by December 26, 2007.  In

12  this context, "completed" means that all discovery shall have been

13  conducted so that all depositions have been taken and any disputes

14  relative to discovery shall have been resolved by appropriate orders,

15  if necessary, and, where discovery has been ordered, the order has

16  been complied with or, alternatively, the time allowed for such

17  compliance shall have expired.[3]

18         Each party shall comply with Federal Rule of Civil Procedure

19  26(a)(2)'s initial expert witness disclosure and report requirements

20  on or before August 27, 2007, and with the rebuttal expert disclosures

21  authorized under the Rule on or before September 26, 2007.

22                        MOTION HEARING SCHEDULE

23         The last hearing date for motions shall be February 25,

24

25

26    [3]   The parties are advised that the Magistrate Judges in
       the Eastern District are responsible for resolving discovery
27    disputes.  See Local Rule 72-302(c)(1).  Accordingly, counsel
       shall direct all discovery-related matters to the Magistrate
28    Judge assigned to this case.  A party conducting discovery near
       the discovery "completion" date runs the risk of losing the
       opportunity to have a judge resolve discovery motions pursuant to
       the Local Rules.

1  2008, at 9:00 a.m.[4]

2      Motions shall be filed in accordance with Local Rule 78-
3  230(b).  Opposition papers shall be filed in accordance with Local
4  Rule 78-230(c).  <u>Failure to comply with this local rule may be deemed</u>
5  <u>consent to the motion and the Court may dispose of the motion</u>
6  <u>summarily</u>.  <u>Brydges v. Lewis</u>, 18 F.3d 651, 652-53 (9th Cir. 1994).
7  Further, failure to timely oppose a summary judgment motion may result
8  in the granting of that motion if the movant shifts the burden to the
9  nonmovant to demonstrate a genuine issue of material fact remains for
10 trial.  <u>Cf.</u> <u>Marshall v. Gates</u>, 44 F.3d 722 (9th Cir. 1995).

11      Absent highly unusual circumstances, reconsideration of a
12 motion is appropriate only where:

13      (1)  The Court is presented with newly discovered evidence
14 that could not reasonably have been discovered prior to the filing of
15 the party's motion or opposition papers;

16      (2)  The Court committed clear error or the initial decision
17 was manifestly unjust; or

18      (3)  There is an intervening change in controlling law.
19 A motion for reconsideration based on newly discovered evidence shall
20 set forth, in detail, the reason why said evidence could not
21 reasonably have been discovered prior to the filing of the party's
22 motion or opposition papers.  Motions for reconsideration shall comply
23 with Local Rule 78-230(k) in all other respects.

24      The parties are cautioned that an untimely motion
25 characterized as a motion in limine may be summarily denied.  A motion
26 in limine addresses the admissibility of evidence.

27  _____

28      [4]  This time deadline does not apply to motions for
continuances, temporary restraining orders, emergency
applications, or motions under Rule 16(e) of the Federal Rules of
Civil Procedure.

## FINAL PRETRIAL CONFERENCE

The final pretrial conference is set for April 21, 2008, at 1:30 p.m.  The parties are cautioned that the lead attorney who WILL TRY THE CASE for each party shall attend the final pretrial conference.  In addition, all persons representing themselves and appearing in propria persona must attend the pretrial conference.

The parties are warned that non-trialworthy issues could be eliminated sua sponte "[i]f the pretrial conference discloses that no material facts are in dispute and that the undisputed facts entitle one of the parties to judgment as a matter of law." Portsmouth Square v. S'holders Protective Comm., 770 F.2d 866, 869 (9th Cir. 1985).

The parties shall file a JOINT pretrial statement no later than seven (7) days prior to the final pretrial conference.[5]  The joint pretrial statement shall specify the issues for trial and shall estimate the length of the trial.  The Court uses the parties' joint pretrial statement to prepare its final pretrial order and could issue the final pretrial order without holding the scheduled final pretrial conference.  See Mizwicki v. Helwig, 196 F.3d 828, 833 (7th Cir. 1999) ("There is no requirement that the court hold a pretrial conference.").  The final pretrial order supersedes the pleadings and controls the facts and issues which may be presented at trial.  Issues asserted in pleadings which are not preserved for trial in the final pretrial order cannot be raised at trial.  Hotel Emp., et al. Health Tr. v. Elks Lodge 1450, 827 F.2d 1324, 1329 (9th Cir. 1987) ("Issues

---

[5]    The failure of one or more of the parties to participate in the preparation of any joint document required to be filed in this case does not excuse the other parties from their obligation to timely file the document in accordance with this Order.  In the event a party fails to participate as ordered, the party or parties timely submitting the document shall include a declaration explaining why they were unable to obtain the cooperation of the other party.

1  not preserved in the pretrial order are eliminated from the action.");

2  <u>Valley Ranch Dev. Co. v. F.D.I.C.</u>, 960 F.2d 550, 554 (5th Cir. 1992)

3  (indicating that an issue omitted from the pretrial order is waived,

4  even if it appeared in the pleading); <u>cf.</u> <u>Raney v. Dist. of Columbia</u>,

5  892 F. Supp. 283 (D.D.C. 1995) (refusing to modify the pretrial order

6  to allow assertion of a previously-pled statute of limitations

7  defense); <u>Olympia Co. v. Celotex Corp.</u>, 597 F. Supp. 285, 289 (E.D.

8  La. 1984) (indicating that "[a]ny factual contention, legal

9  contention, any claim for relief or defense in whole or in part, or

10  affirmative matter not set forth in [the pretrial statement] shall be

11  deemed . . . withdrawn, notwithstanding the contentions of any

12  pleadings or other papers previously filed [in the action]").

13      <u>If possible, at the time of filing the joint pretrial</u>

14  <u>statement counsel shall also email it in a format compatible with</u>

15  <u>WordPerfect to: geborders@caed.uscourts.gov</u>.

16                          <u>TRIAL SETTING</u>

17      Trial is set for July 29, 2008, commencing at 9:00 a.m.

18                          <u>MISCELLANEOUS</u>

19      The parties are reminded that pursuant to Federal Rule of

20  Civil Procedure 16(b), the Status (pretrial scheduling) Order **shall**

21  **not be modified except by leave of Court upon a showing of good cause.**

22  **Counsel are cautioned that a mere stipulation by itself to change**

23  **dates does not constitute good cause.**

24      IT IS SO ORDERED.

25  Dated:  April 25, 2007

26

27  _____
    GARLAND E. BURRELL, JR.
    United States District Judge

28