IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRI CONTRERAS, individually and as guardian ad litem for minor plaintiff D.C.,<br><br>   Plaintiffs,<br><br>   v.<br><br>J.D. ORNELAS,<br><br>   Defendant. | 2:06-cv-2858-GEB-EFB<br><br>ORDER* |

Defendant J.D. Ornelas ("Defendant"), a California Highway Patrol officer, moves for summary judgment, arguing Plaintiff Terri Contreras's ("Plaintiff" or "Contreras") 42 U.S.C. § 1983 claim is not viable since Defendant had probable cause to arrest Contreras for driving under the influence of a drug. Contreras and Plaintiff D.C. ("D.C.") oppose the motion, arguing Defendant did not have probable cause to arrest Contreras.

---

   * This matter was determined to be suitable for decision without oral argument. L.R. 78-230(h).

1

FACTUAL BACKGROUND

On the evening of September 7, 2004, Contreras and D.C. were sitting in their vehicle, which had broken down and was parked by the side of a highway in a desolate area. (Def.'s Reply to Pls.' Sep. Statement of Disputed and Undisputed Material Facts ("SDUF") ¶ 1; Decl. of Joseph Ornelas in Supp. of Def.'s Mot. for Summ. J. ("Ornelas Decl.") ¶ 5.) Plaintiff had been released from the hospital the day before after being hospitalized for more than a week due to stomach ulcers. (SDUF ¶ 2.)

Defendant, who is a certified Drug Recognition Evaluation Expert, noticed Plaintiff's vehicle and stopped his vehicle near Plaintiff's vehicle on the side of the road. (Id. ¶ 9; Ornelas Decl. ¶ 3.) Defendant approached Plaintiff's vehicle and Plaintiff said she needed to call for a tow service since she had no cell phone. (Id. ¶ 11.) It is undisputed that Plaintiff had multiple visible needle marks on both arms, and that Defendant observed that Plaintiff's eyes were red and watery and her pupils were dilated.[1] (Decl. of Benjamin Nisenbaum in Opp'n to Def.'s Mot. for Summ. J. ("Nisenbaum Decl."), Ex. A ("Contreras Dep.") at 39:3, 41:13; Ornelas Decl. ¶ 8.) Plaintiff told Defendant that she had been in the hospital, which is why she had needle marks on her arms, and that documentation regarding her hospital stay was in her vehicle's glove compartment. (Contreras Dep. at 41:12-15.) Defendant did not examine the documentation. (Id. at 42:1-2.)

///

---

[1] Plaintiff indicates that she disputes that her eyes were red and watery and that her pupils were dilated, but presents no specific evidence controverting Defendant's showing. (See SDUF ¶ 7.)

2

1         The parties dispute the facts concerning Plaintiff's speech,
2 demeanor and behavior.  Defendant testified that Plaintiff's speech
3 was "garbled" and "slurred," and that her demeanor was "very
4 lethargic" and "dazed."  (Id. at 49:5-9.)  Plaintiff disputes that her
5 speech or demeanor were abnormal.  (Contreras Dep. at 87:3-7;
6 Nisenbaum Decl., Ex. D at 15:22-24.)  Defendant declares that when
7 Plaintiff exited her vehicle upon his request, she was unsteady on her
8 feet.  (Ornelas Decl. ¶ 8.)  Plaintiff denies that she was unsteady on
9 her feet.  (Contreras Dep. at 90:10-16, 92:17-21.)
10         The parties also dispute the facts concerning the
11 administration of field sobriety tests.  Defendant testified that he
12 had Plaintiff perform the "nystagmus" test, which required her to
13 follow his finger with her eyes, and testified that this test did not
14 reveal that Plaintiff was under the influence of a drug.  (Ornelas
15 Dep. at 93:11-94:8.)  Defendant declares that he then asked Plaintiff
16 to perform a second field sobriety test during which she lost her
17 balance.  (Ornelas Decl. ¶ 10.)  Plaintiff testified that Defendant
18 first asked her to touch her nose, then handcuffed her, and
19 subsequently asked her to perform the "nystagmus" test.  (Contreras
20 Dep. at 90:10-16, 92:17-21.)  Plaintiff denies that any other field
21 sobriety tests were administered at that time or that she lost her
22 balance.  (Id. at 59:6-8, 90:10-13, 92:17-21.)  Defendant declares he
23 asked Plaintiff to perform further field sobriety tests after
24 Plaintiff lost her balance, but Plaintiff refused.  (Ornelas Decl. ¶
25 10.)  Plaintiff testified that she was not asked to perform further
26 tests at that time.  (Contreras Dep. at 45:14-18.)
27         Defendant arrested Plaintiff for violation of California
28 Vehicle Code section 12152(a) for driving under the influence of a

drug.  (Ornelas Decl. ¶ 11.)  Plaintiff underwent further testing at a hospital, and subsequently at a California Highway Patrol station.  (SDUF ¶ 19; Ornelas Decl. ¶ 13.)  Plaintiff was incarcerated overnight and released the next day.  (SDUF ¶ 23.)  A blood test conducted at the hospital ultimately revealed Plaintiff had not been under the influence of any drugs.  (SDUF ¶ 5.)

DISCUSSION[2]

I. Section 1983 Claim

Defendant seeks summary judgment, arguing that he had probable cause to arrest Plaintiff for driving under the influence of a drug.  (Mot. at 10:3-13:22.)  The essence of Plaintiff's § 1983 claim is that Defendant violated her Fourth Amendment rights by falsely arresting her without probable cause.[3]  (See Opp'n at 9:24-26.)

"Probable cause to arrest exists when officers have knowledge or reasonably trustworthy information sufficient to lead a person of reasonable caution to believe that an offense has been or is being committed by the person being arrested."  United States v. Lopez, 482 F.3d 1067, 1072 (9th Cir. 2007) (citing Beck v. Ohio, 379 U.S. 89, 91 (1964)).  "'Mere suspicion . . . or even strong reason to suspect are not enough' to establish probable cause."  Rodis v. City and County of San Francisco, 499 F.3d 1094, 1101 (9th Cir. 2007)

---

[2] The summary judgment standards are well known and need not be repeated.

[3] Plaintiff's § 1983 claim also alleges violations of her Fourth Amendment right against unreasonable search and seizure, her Fourteenth Amendment due process right, her Fourth Amendment right against excessive force, her Fourteenth Amendment equal protection right, and her right to privacy under the Fourth Amendment.  (See Compl. ¶ 24.)  However, Defendant argues that none of these claims are viable if Defendant had probable cause to arrest Plaintiff.  (Mot. at 1:9-18.)

4

(quoting Easyriders Freedom F.I.G.H.T. v. Hannigan, 92 F.3d 1486, 1498 (9th Cir. 1996)).

Viewing the facts and reasonable inferences in the light most favorable to Plaintiff, Defendant possessed the following information at the time he arrested Plaintiff: Plaintiff passed the "nystagmus" test, Plaintiff did not lose her balance and was not unsteady on her feet, Plaintiff's speech was not slurred, Plaintiff's pupils were dilated, Plaintiff's eyes were red and watery, Plaintiff had needle marks on her arm, Plaintiff said she had been released from the hospital the day before, and Plaintiff's vehicle was inoperative. (SDUF ¶¶ 1-2; Ornelas Decl. ¶¶ 8, 10; Contreras Dep. at 59:6-8, 90:10-13, 92:17-21.) Defendant argues these facts were sufficient to give him probable cause to arrest Plaintiff. (Mot. at 11:3-12:10.) Plaintiff counters that these facts are insufficient, and since she told Defendant that she had been in the hospital she provided him with a reasonable explanation for the needle marks on her arm, which Defendant could have verified by checking the hospital papers that were in the glove compartment of Plaintiff's vehicle. (Opp'n at 11:1-14:18; Contreras Dep. at 41:12-15.) Plaintiff has demonstrated genuine issues of material fact existed as to whether she lost her balance, whether she was unsteady on her feet, whether she refused to take further sobriety tests, whether her demeanor was "dazed or lethargic," and whether her speech was "slurred." (Ornelas Dep. at 49:5-9; Contreras Dep. at 45:14-18, 59:6-8, 87:3-7, 90:10-13, 92:17-21; Ornelas Decl. ¶ 10.) These factual issues preclude Defendant's summary judgment motion.

Notwithstanding these factual issues, Defendant argues his qualified immunity defense shields him from liability for Plaintiff's

5

§ 1983 claim. (Mot. at 16:10-18:27.) This defense is decided by determining whether Plaintiff's Fourth Amendment right at issue was "clearly established," and whether "a reasonable [official] would have understood that what he was doing violated that right." Meredith v. Erath, 342 F.3d 1057, 1060-61 (9th Cir. 2003).

It is clearly established that "the Fourth Amendment . . . prohibits an officer from making an arrest without probable cause." Mackinney v. Nielsen, 69 F.3d 1002, 1005 (9th Cir. 1995). The summary judgment record reveals genuine issues of material fact exist as to whether Plaintiff lost her balance, whether she was unsteady on her feet, whether she refused to take further sobriety tests, whether her demeanor was "dazed or lethargic," and whether her speech was "slurred." (Ornelas Dep. at 49:5-9; Contreras Dep. at 45:14-18, 59:6-8, 87:3-7, 90:10-13, 92:17-21; Ornelas Decl. ¶ 10.) Since genuine issues of material fact exist concerning Defendant's qualified immunity defense, Defendant's motion on this ground is denied. See Act Up!/Portland v. Bagley, 988 F.2d 868, 873 (9th Cir. 1993) ("If a genuine issue of fact exists preventing a determination of qualified immunity at summary judgment, the case must proceed to trial.").

III. State Law Claims

Defendant also seeks summary judgment on Plaintiff's state law claims, which is predicated on the argument that he lawfully arrested Plaintiff. (Mot. at 14:11-16:9.) Since genuine issues of material fact exist as to the lawfulness of the arrest, this motion is denied.

///
///
///

CONCLUSION

For the stated reasons, Defendant's motion for summary judgment is denied.

IT IS SO ORDERED.

Dated: March 13, 2008

_____
GARLAND E. BURRELL, JR.
United States District Judge