IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TERRI DOROTHY CONTRERAS, )
individually and as Guardian )    2:06-cv-02858-GEB-EFB
Ad Litem for Minor Plaintiff )
D.C., )
          Plaintiffs )    <u>FINAL PRETRIAL ORDER</u>
    v. )
)
JOSEPH DAVID ORNELAS, )
individually, )
)
        Defendant. )
⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯)

      A final pretrial conference was held on April 21, 2008.
Counsels Ben Nisembaum and John Burris appeared on behalf of the
Plaintiffs; Counsel John Feser, Jr., appeared on behalf of the
Defendant.

      After hearing, the Court makes the following Order.

                   I.   <u>JURY/NON-JURY</u>

      All issues shall be tried to a jury, except for the
ultimate question whether defendant is entitled to qualified
immunity from liability for Plaintiff Contreras's **Fourth** Amendment
claim.  But the jury shall decide disputed factual issues
applicable to this defense.

///

///

///

II.  UNDISPUTED FACTS

The undisputed facts will be as stated in section 3 of the parties' Joint Pretrial Statement ("JPS").

III.  DISPUTED EVIDENTIARY ISSUES

Any evidentiary dispute capable of being resolved in limine shall be set forth in an in limine motion which shall be filed no later than 4:30 p.m. on July 16, 2008.  An opposition or a non-opposition statement to any filed in limine motion shall be filed no later than 4:30 p.m. on July 21, 2008.  *Failure to state a basis for admissibility or non-admissibility of disputed evidence constitutes a waiver or abandonment of that basis*.  The parties are to meet and confer on contemplated in limine motions before the filing deadline and have leave to file a document in which any agreement reached on said motion are contained.

IV.  RELIEF SOUGHT

Defendant seeks a defense verdict, costs and attorney's fees for defense of this action.

Plaintiff Contreras seeks general damages according to proof, punitive damages, attorneys' fees and costs of suit.  Minor Plaintiff D.C. seeks recovery of general compensatory damages.

V.  LEGAL AND FACTUAL ISSUES

1.  Plaintiff Terri Contreras alleges Defendant Ornelas violated her Fourth Amendment right to be free from unreasonable seizure by detaining and seizing her for violation of California Vehicle Code section 12152(a).  Defendant asserts a qualified immunity defense against this claim.

2.  Plaintiff Terri Contreras alleges the following state claims:  Assault and battery, false imprisonment, intentional

2

infliction of emotional distress, negligence and violation of
California Civil Code sections 51.7 and 52.1

3.   Minor Plaintiff D.C. alleges a negligent infliction
of emotional distress claim against Defendant based upon Plaintiff
Terri Contreras' false arrest.

VI.   <u>WITNESSES</u>[1]

A.   Plaintiffs and Defendant anticipate calling the
witnesses listed on pages 20 - 23 of the JPS.

B.   No person, other than those named on these witness
lists, will be permitted to testify unless:

(1) The party offering the witness demonstrates that
the witness is for the purpose of rebutting evidence which could
not reasonably be anticipated at the pretrial conference; or

(2) The witness was discovered after the pretrial
conference and the proffering party makes the showing required in
"C", below.

C.   If a witness is discovered after the pretrial
conference, counsel for the party offering the witness shall
promptly inform the Court and opposing parties of the existence of
the unlisted witness so that the Court may consider at trial
whether the witness shall be permitted to testify.  The witness
will be not be permitted to testify unless:

(1) The witness could not reasonably have been
discovered prior to pretrial;

/ / /

---

[1]   This portion of the Order does not affect the parties'
obligations to timely comply with witness disclosure requirements
provided in the Federal Rules of Civil Procedure, the Local Rules,
or by Order of this Court.

1                (2) The Court and opposing counsel were promptly

2 notified upon discovery of the witness;

3                (3) If time permitted, counsel offered the witness

4 for deposition; and

5                (4) If time did not permit, a reasonable summary of

6 the witness' testimony was provided to opposing counsel.

7                      VII.   <u>EXHIBITS</u>[2]

8        A.  Plaintiffs anticipates offering the exhibits listed

9 on pages 24 - 25 of the JPS.

10        B.  Defendant anticipates offering the exhibits listed on

11 page 25 of the JPS.

12        C.  No other exhibits will be permitted to be introduced

13 unless:

14                (1) The party seeking to use the unlisted exhibit

15 demonstrates that the exhibit is being used to rebut evidence which

16 could not reasonably have been anticipated at the pretrial

17 conference; or

18                (2) The unlisted exhibit was discovered after the

19 pretrial conference and the offering party makes the showing

20 required in paragraph "D", below.

21        D.  Any party proposing to introduce an exhibit which was

22 discovered after the pretrial conference shall promptly notify the

23 Court and opposing counsel of the existence of such exhibit.  The

24 Court will not permit any such exhibit to be introduced unless it

25 finds:

26 _____

27     [2]   This portion of the Order does not affect the parties'
obligations to timely comply with disclosure requirements provided

28 in the Federal Rules of Civil Procedure, the Local Rules, or by
Order of this Court.

(1) That the exhibit could not reasonably have been discovered prior to the pretrial conference;

(2) The Court and counsel were promptly informed of the exhibit's existence; and

(3) That the offering party has delivered a copy of the exhibit to opposing counsel, or, if the exhibit may not be copied, that the offering counsel has made the exhibit reasonably available for inspection by opposing counsel.

E.  Plaintiffs' exhibits shall be numbered and marked with colored stickers provided by the Court while Defendant's exhibits shall be designated by alphabetical letter also marked with colored stickers provided by the Court.  To obtain stickers, parties should contact the Clerk of Court at (916) 930-4000.

The parties are directed to exchange with each other, at least fifteen (15) court days prior to the date on which trial commences, copies of all of their respective exhibits, marked with exhibit stickers provided by the Court.  Within five (5) court days after receipt and examination of the exhibits, each party shall file with the Court and serve upon opposing counsel objections, if any, to the exhibits, referencing the exhibits as marked by exhibit sticker and specifying the basis for each objection.[3]  Failure to exchange exhibits as ordered could result in the exhibit not being used at trial and/or the imposition of sanctions.  The failure to make objections in the manner prescribed by this section shall constitute a waiver of objections.  A party seeking to admit into

---

[3]     The parties have leave to file joint exhibits.  The above procedure is designed for separate exhibits.

evidence an exhibit to which no objection was made must identify said exhibit for the record and then move it into evidence.

Counsel shall produce all exhibits to the Clerk's Office no later than 4:00 p.m. on the Friday before the date on which trial is scheduled to commence.  At that time, the parties shall also furnish the Court with a copy of each exhibit, unless the exhibit is physically incapable of being reproduced.  Failure to produce exhibits as ordered could result in waiver of the right to offer those exhibits.  Each party submitting exhibits shall furnish a list to the Court, the courtroom deputy and opposing counsel itemizing the exhibits.

VIII.  <u>FURTHER PREPARATION FOR USE OF DISCOVERY DOCUMENTS</u>

A.   It is the duty of counsel to ensure that any depositions which are to be used at trial for any purpose shall have been filed with the clerk, and counsel are cautioned that a failure to discharge this duty may result in preclusion of the use of the unfiled depositions or in the imposition of such other sanctions as the Court deems appropriate.

B.   No later than twenty (20) court days before the trial commencement date, counsel for each party shall serve on the other parties a statement designating all answers to interrogatories and all portions of depositions (except for passages to be used solely for refreshing recollection, impeachment or rebuttal).  No later than ten (10) court days before the trial commencement date, counter-designations of other portions of these discovery documents may be served.  No later than five (5) court days before the trial commencement date, the parties shall file and serve any preserved

1   evidentiary objections to any designated discovery, or said

2   objections are waived.

3                        IX.   FURTHER DISCOVERY OR MOTIONS

4          Pursuant to the Court's Pretrial Scheduling Order, all

5   discovery and law and motion was to have been completed prior to

6   the date of the final pretrial conference.  That order is

7   confirmed.  The parties are, of course, free to conduct any

8   additional discovery they desire pursuant to informal agreement.

9   However, any such agreement will not be enforceable in this Court.

10                       X.   SETTLEMENT NEGOTIATIONS

11         No settlement conference is scheduled in this matter.  If

12  the parties believe that a settlement conference would be

13  productive and facilitate resolution of this case, the parties may

14  contact the Court.  If the Court schedules a settlement conference

15  at the request of the parties, each party would be directed to have

16  a principal with authority to settle the case on any terms present

17  at the settlement conference.

18         In addition, each party would have to submit a settlement

19  conference statement directly to the chambers of the settlement

20  judge, five (5) court days prior to the settlement conference.

21  Such statements would not have to be filed with the clerk nor

22  served on opposing counsel.  However, each would be required to

23  notify the other party or parties that the statement was submitted

24  to the judge's chambers.

25                       XI.   AGREED STATEMENT

26         The parties shall submit a short, jointly-prepared

27  statement concerning the nature of this case that can be read to

28  the jury at the commencement of trial.  The statement shall be

1 provided to the Court no later than ten (10) court days before the

2 trial commencement date.  If the parties fail to do this, they may

3 be required to give their respective opening statements before voir

4 dire.  Separate statements shall be submitted if agreement is not

5 reached.

6                    XII.   SEPARATE TRIAL OF ISSUES

7           The trial will be conducted in two phases:  liability and

8 punitive damages.  If the jury finds punitive damages are

9 recoverable in the liability phase, trial on the amount of punitive

10 damages will immediately occur.  During the first phase of the

11 trial, the jury will be given a liability instruction on punitive

12 damages along with the other closing instructions and a verdict

13 form which will include the liability question on punitive damages.

14 If the answer is yes, then evidence pertinent to the amount of

15 punitive damages would be presented in the second phase of the

16 trial, following which the parties would present closing argument

17 on that issue and a jury instruction would be given.  The jury

18 would then deliberate on the issue and fill in a punitive damages

19 verdict form.

20      XIII.   JURY INSTRUCTIONS, VOIR DIRE, AND VERDICT FORMS

21           A.   Counsel are directed to confer and to attempt to

22 agree upon a joint set of jury instructions and verdict forms.

23           B.   All instructions, both general and specific, shall

24 be submitted in the exact numerical order counsel desires them

25 given to the jury and shall be tailored to the facts and issues in

26 suit.

27           The joint set of instructions and verdict forms shall be

28 filed fifteen (15) court days prior to the trial commencement date.

As to instructions on which there is dispute, the parties shall adhere to the following procedure:  1) the party offering the disputed instruction(s) shall submit the instruction(s) as its proposed jury instructions, shall submit authority in support of the proposed instruction(s) and shall number the disputed instruction(s) in a manner that shows where each disputed instruction should be placed in the tendered agreed upon instructions.  The contested instruction(s) and supporting authority shall be filed with the joint set of instructions fifteen (15) court days prior to the trial commencement date; 2) the party opposed to the contested instruction(s) shall file opposing authority ten (10) court days prior to the trial commencement date.

C.   All instructions shall be, to the extent possible, concise, understandable, and <u>neutral</u> statements of law.  They shall be prepared in accordance with Local Rule 51-163.  Ninth Circuit Pattern Instructions are preferred.

D.   It is the parties' responsibility to ensure that jury instructions are submitted on all issues preserved for trial in accordance with the schedule set forth above.  Pursuant to Local Rule 51-163, instructions not presented in accordance with this Order will be refused unless it is shown either (1) that the necessity for the request arose in the course of trial; the instructions could not reasonably have been anticipated prior to trial; and the request for such additional instructions is presented to the Court as promptly as possible; or (2) that the refusal to give such instructions would constitute manifest injustice under Rule 16(e).

E.   Most of the examination of prospective jurors is conducted by the Court.  The parties are directed to meet and confer and attempt to agree upon a joint set of proposed voir dire questions.  These questions shall include any voir dire questions supplied by the Court that the parties believe are necessary.  The joint set of voir dire questions shall be filed with the Court fifteen (15) court days prior to the trial commencement date. Parties may also submit proposed voir dire questions which are disputed.  Disputed voir dire questions shall be filed with the Court fifteen (15) court days prior to the trial commencement date and shall be accompanied by an explanation as to the need for the question and supporting case authority when available.  The opposing party shall respond with reasons for the opposition and any supporting case authority no later than ten (10) court days prior to the trial commencement date.  Each side is granted 30 minutes to conduct voir dire following the Court's examination of prospective jurors.

F.   The parties shall file a joint verdict form concurrently with proposed jury instructions fifteen (15) court days prior to the trial commencement date.  See L.R. 51-163(e).  A special verdict or interrogatories shall be included for all factual disputes submitted to the jury that must be resolved before questions of law can be decided, and for any other issue on which specific responses are desired.  The verdict form shall be prepared in accordance with Local Rule 51-163(e).  At the same time, where disagreements exist, the parties shall explain the disagreement and submit points and authorities supporting their respective positions.

1       At the time of electronically filing the jury

2  instructions and verdict forms, counsel shall also submit a copy of

3  the sanitized joint jury instructions, the sanitized disputed jury

4  instructions, and the joint verdict forms to the Court by email to

5  geborders@caed.uscourts.gov in accordance with L.R. 51-163(b)(1).

6                  XIV.  USE OF STRUCK JURY SELECTION SYSTEM

7       Seven (7) jurors will be impaneled.  The "struck jury"

8  system will be used to select the jury.[4]  At the beginning of the

9  voir dire process, approximately eighteen prospective jurors,

10  randomly selected by the Jury Administrator, will be seated for

11  voir dire.  The order of the jurors' random selection is reflected

12  by the order in which they will be seated.  The first randomly

13  selected juror will be in jury seat number one, which is at the

14  extreme right-hand side of the jury box in the top row as the jury

15  box is viewed from the well of the courtroom.  The eighth juror

16  will be in the eighth seat.  The ninth selected juror will occupy

17  the seat located at the extreme right-hand side of the jury box in

18  the bottom row.  The fifteenth seat will be in the left-hand side

19  of that row.  Three chairs will be placed in front of the jury box.

20  The sixteenth juror will occupy the seat on the right and the

21  eighteenth juror will occupy the seat on the left.  The first 7

22  jurors on a list, which shall be given to counsel, will constitute

23  _____

24       [4]  As explained in United States v. Blouin, 666 F.2d 796,
    798 (2d Cir. 1981), "the goal of the 'struck jury' system is to

25  whittle down an initially selected group . . . [to the amount of
    jurors] who will serve as the petit jury."  The selected group

26  consists of the jurors who will hear the case, plus the number of
    jurors required to enable the parties to use the combined number of

27  peremptory challenges allotted to both sides for striking jurors
    from the group.  Typically extra jurors are included in the select

28  group in the event the minimum amount of jurors required for the
    "struck system" is reduced "for cause" or some other reason.

the petit jury unless one or more of those 7 is excused for some reason.  Assuming that the first and fifth jurors on the list are excused, the second listed juror becomes the first, and the other jurors' numbers are changed accordingly, with the ninth juror on the list becoming seventh on the list; however, the jurors continue to be identified by their original numbers.

XV.   <u>ATTORNEYS' FEES</u>

The parties are referred to Local Rule 54-293 concerning the post-trial procedure for seeking an award of attorney's fees.

XVI.   <u>TRIAL DATE</u>

Trial to a jury will commence on August 5, 2008.  A trial day will commence at 9:00 a.m. and will adjourn at approximately 4:30 p.m.  At the first phase of the trial, each side has 20 minutes within which to make an opening statement to the jury and 45 minutes within which to make a closing argument.  If trial proceeds to the second phase, each side has 15 minutes within which to make a closing argument on the punitive damage issue.  Counsel are to call Shani Furstenau, Courtroom Deputy, at (916) 930-4114, one week prior to trial to ascertain the status of the trial date.

IT IS SO ORDERED.

Dated:  April 28, 2008

GARLAND E. BURRELL, JR.
United States District Judge