IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRI CONTRERAS, individually and as guardian ad litem for minor plaintiff D.C., <br><br> Plaintiffs, <br><br> v. <br><br> J.D. ORNELAS, <br><br> Defendant. | 2:06-cv-2858-GEB-EFB <br><br> ORDER[*] |

Defendant moves for reconsideration of the order filed March 14, 2008 ("March 14 Order") which denied his summary judgment motion.[1] In essence, Defendant contends that his objections to the evidence Plaintiffs submitted in opposition to his summary judgment motion should have been sustained, and that this would have resulted in summary judgment in his favor.  Plaintiffs oppose the motion.

---

[*] This matter was determined to be suitable for decision without oral argument.  L.R. 78-230(h).

[1] It is assumed the reader is familiar with the March 14 Order.

I. Plaintiffs' Failure to Comply with Local Rule 56-260(b)

Defendant argues Plaintiffs' failure to comply with Local Rule 56-260(b) should have resulted in summary judgment entered in his favor. (Mot. at 11:22-13:26.) Specifically, Defendant argues that Plaintiffs' opposition failed to "reproduce the itemized facts in [Defendant's] Statement of Undisputed Facts and admit those facts that are undisputed and deny those that are disputed" in their opposition as prescribed in Local Rule 56-260(b). Plaintiffs filed only their own Separate Statement of Disputed and Undisputed Material Facts. (Dkt. No. 19.) Defendant argues his factual submissions should have been determined undisputed since Plaintiffs failed to comply with Local Rule 56-260(b). (Mot. at 11:22-13:26.) Plaintiffs counter that "Local Rule 56-260(b) does not require the exclusion of evidence if not formatted exactly in accordance to the rule." (Opp'n at 6:11-12.) Plaintiffs' opposition to Defendant's summary judgment motion does not justify granting Defendant summary judgment based thereon. Therefore, the reconsideration motion is denied on this ground.

II. Defendant's Objections to Plaintiffs' Evidence

Defendant argues his objections to Plaintiffs' evidence on the following issues should have been sustained: (1) whether Plaintiff Terri Contreras ("Contreras") passed the nystagmus test, (2) whether Contreras lost her balance or was unsteady on her feet, (3) whether Contreras's speech was slurred, (4) whether Contreras's demeanor was dazed and lethargic, and (5) whether Contreras refused to perform further Field Sobriety Tests. (Mot. at 10:3-11:9, 14:11-20; Reply at 3:17-20.) Defendant contends these issues should have been determined in his favor because Plaintiffs failed to present admissible evidence controverting his position on the issues. Defendant further argues

the March 14 Order erroneously relied on medical testing which revealed Contreras was not under the influence of a drug.

### A. The Nystagmus Test

Defendant contends his factual showing revealed Contreras failed the nystagmus test, and that Plaintiffs failed to present specific facts controverting his showing. (Mot. at 10:3-11, 14:11-16.) Defendant's Statement of Undisputed Facts stated that Defendant "had Contreras perform the nystagmus test, which required her to follow an object with her eyes." (SUF ¶ 29 (citing Ornelas Dep. at 93:8-94:10; Ornelas Decl. ¶ 10).) Defendant cited his deposition testimony and declaration that support the reasonable inference that Contreras passed the nystagmus test before her arrest but failed it after she was arrested. This evidence does not undermine the finding in the March 14 Order that Defendant failed to present evidence showing that Contreras failed the test before she was arrested. (See March 14 Order at 3:13-15.) This test, therefore, has not been shown to be a ground justifying reconsideration.

### B. Whether Contreras Lost Her Balance or was Unsteady On Her Feet

Defendant contends his objection to Plaintiffs' evidence on the issue of whether Contreras lost her balance during a Field Sobriety Test or was unsteady on her feet should have been sustained. (Mot. at 10:15-11:9.) Defendant argues Contreras's testimony lacks foundation and personal knowledge since she testified she was upset and crying during the incident and her state of mind "affected her ability to recall the factual details of her arrest." (Id. at 14:17-20.) However, whether Contreras's memory was defective because of her emotional condition "is not [a question] of admissibility but rather one of credibility and the proper weight to be accorded h[er]

3

1  testimony," which are "jury functions."  <u>United States v. Haili</u>, 443
2  F.2d 1295, 1299 (9th Cir. 1971); <u>see also</u> <u>United States v. Martino</u>,
3  648 F.2d 367, 384 (5th Cir. 1981) ("Because a witness's mental state
4  during the period about which he proposes to testify is a matter which
5  affects his credibility, it is a jury determination and thus not
6  germane to competency to testify.").  Defendant has not shown this
7  objection should have been sustained.
8         Defendant also objected on the ground that Contreras "is not
9  competent . . . to testify regarding the Field Sobriety Tests . . . ."
10 (Mot. at 10:26-27.)  Plaintiffs counter that Contreras "can clearly
11 testify to [her] own actions and behaviors, including whether or not
12 [she] maintained her balance . . . [since her] experiences are clearly
13 within [her] personal knowledge."  (Opp'n at 5:15-18.)  Whether or not
14 Contreras lost her balance or was unsteady on her feet "are clearly
15 admissible as statements of factual matters within [her] personal
16 knowledge."  <u>Dang v. Inn at Foggy Bottom</u>, 85 F. Supp. 2d 39, 43
17 (D.D.C. 2000) (citing Fed. R. Evid. 602).  Therefore, Defendant has
18 not shown this objection should have been sustained.
19         Defendant also argues Plaintiffs failed to present specific
20 facts controverting Defendant's testimony that Contreras lost her
21 balance and was unsteady on her feet.  (Mot. at 14:16-15:21.)
22 However, Contreras's following deposition testimony controverts
23 Defendant's position: "Do you have a specific recollection that you
24 were not unsteady on your feet?  Do you recall that you performed the
25 field sobriety tests without being unbalanced, for instance?"
26 (Contreras Dep. at 92:17-20.)  Contreras answered: "Yes."  (<u>Id.</u> at
27 92:21.)  Accordingly, the March 14 Order properly found this was a
28 factual issue for trial.

4

<u>C. Whether Contreras's Speech was Slurred, and Whether Contreras's Demeanor was Dazed and Lethargic</u>

Defendant argues Plaintiffs failed to present specific facts controverting Defendant's showing on the issues of whether Contreras's speech was slurred, garbled and/or mumbled, and whether Contreras's demeanor was dazed and lethargic. (Mot. at 14:16-15:21.) Contreras was asked at her deposition: "Q: Do you recall having mumbled, garbled speech at the time of the incident?  A: While I'm sitting in my car?  Q: Yes. . . .  A: No, no." (Contreras Dep. at 87:3-7.) This testimony does not controvert Defendant's showing since the question is ambiguous; Contreras's answer reveals only that she does not recall having mumbled, garbled speech. Contreras did not testify on the issue of whether her demeanor was dazed and lethargic. (<u>See</u> Contreras Dep. at 87:8-20 (testifying that she does not know what "lethargic behavior" means).)

However, minor Plaintiff D.C. ("D.C.") testified that Defendant asked him whether Contreras "was . . . slurring or doing anything," and he responded, "I told him she had just got out of the hospital . . . [Defendant] was asking me if [Contreras] was like slurring or did she act normal or anything. I told him she acted normal." (Niesenbaum Decl., Ex. D at 15:16-25.) D.C. was then asked: "Q: . . . So [Defendant] was asking you if [Contreras] was acting normal?  A: If she was acting like different.  Q: If she was acting different than normal?  A: Yeah.  Q: And you said that she was not, and she just had gotten out of the hospital?  A: Yes." (<u>Id.</u> at 16:1-8.) The reasonable inference may be drawn from D.C.'s testimony that Contreras's speech was not slurred, mumbled or garbled, and that

5

Contreras's demeanor was not dazed or lethargic.  Accordingly, the March 14 Order properly found these were factual issues for trial.

### D. Contreras's Refusal to Perform Further Field Sobriety Tests

Defendant argues Plaintiffs failed to offer specific facts controverting Defendant's testimony that Contreras refused to perform further Field Sobriety Tests.  (Reply at 3:17-20.)  Contreras testified in her deposition she "had to do that nose thing" before she was arrested, and "[t]hat's all I really remember.  I don't remember.  I was really upset.  I just could not believe what was going on, so I remember the nose thing."  (Contreras Dep. at 44:25-45:3.)  Contreras was then asked: "Q: What else did [Defendant] ask you to do, if anything?  A: That's it.  Q: The only test you recall having to do was touching your nose with your hand?  A: Correct."  (Id. at 45:14-18.)  Subsequently, Contreras was asked: "Q: Other than having you touch your hands to your nose, is there anything [Defendant] asked you to do?  A: After we left there?  Q: No.  While you were at the scene . . . Before [Defendant] put[] you in the police car, was there anything else [he] asked you to do?  A: No.  Q: No?  A: Not that I can remember, no."  (Id. at 55:12-24.)  Later in her deposition, Contreras was asked: "Q: Did [Defendant] ever ask you to walk a straight line [prior to placing Contreras in handcuffs]? . . . A: No.  Q: Did he ever ask you to stand on one foot?  A: No.  Q: Did he ever ask you to do any counting?  A: No."  (Id. at 58:17-24.)

Viewing Plaintiffs' evidence in the light most favorable to Plaintiffs and drawing all reasonable inferences in Plaintiffs' favor, the evidence controverts Defendant's evidence that Contreras refused to perform further Field Sobriety Tests prior to her arrest.

Accordingly, the March 14 Order properly found this was a factual issue for trial.

E. Evidence that Contreras was Ultimately Proven to be Not Under the Influence

Defendant argues the March 14 Order erroneously relied on medical testing evidence that revealed Contreras was not under the influence of a drug. (Mot. at 11:10-21.) Defendant argues this evidence is irrelevant as a matter of law. (Id.) Since this evidence was only stated in the factual background section of the March 14 Order, and was not relied on in the remainder of the order, this issue does not support reconsidering the ruling.

III. Defendant's Qualified Immunity Motion

Defendant contends that reconsideration is warranted because the undisputed facts show he is entitled to qualified immunity. (Mot. at 17:7-18:11.) The March 14 order found that

> Defendant possessed the following information at the time he arrested [Contreras]: [Contreras] passed the nystagmus test, [she] did not lose her balance and was not unsteady on her feet, [her] speech was not slurred, [her] pupils were dilated, [her] eyes were red and watery, [she] had needle marks on her arm, [she] said she had been released from the hospital the day before, and [her] vehicle was inoperative.

(March 14 Order at 5:4-10.) The Order held that "[t]he summary judgment record reveals genuine issues of material fact exist as to whether [Contreras] lost her balance, whether she was unsteady on her feet, whether she refused to take further sobriety tests, whether her demeanor was 'dazed or lethargic,' and whether he speech was 'slurred,'" and these factual issues precluded summary judgment on Defendant's qualified immunity defense. (Id. at 6:8-19.)

7

Defendant asserts he possessed additional facts which showed Contreras was under the influence of a drug, but the summary judgment record reveals these facts were not known to Defendant until after he arrested Contreras.  (Ornelas Decl. ¶ 12-13 (declaring that after Defendant arrested Contreras, he performed further tests that discovered these additional facts); SUF ¶¶ 39-53 (stating that these facts were discovered when Defendant performed further testing after arresting Contreras); Ornelas Dep. at 63:17-24 (testifying he does not know whether he asked Contreras to perform a finger to nose test prior to her arrest).)  The issue is what information Defendant possessed that Contreras was under the influence of a drug before her arrest.

For the stated reasons, Defendant has not shown that these arguments justify reconsideration of the Order.

## IV. Conclusion

Accordingly, the reconsideration motion is denied.

IT IS SO ORDERED.

Dated:  July 9, 2008

_____
GARLAND E. BURRELL, JR.
United States District Judge