IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TERRI CONTRERAS, individually and   )
as guardian ad litem for minor      )
plaintiff D.C.,                     )
                                    )      2:06-cv-2858-GEB-EFB
                  Plaintiffs,       )
                                    )
      v.                            )      ORDER*
                                    )
J.D. ORNELAS,                       )
                                    )
                  Defendant.        )
_____)

On July 14, 2008, Defendant filed a notice of an interlocutory appeal and a request to stay this action pending the outcome of his appeal to the Ninth Circuit.  Defendant appeals the order denying his summary judgment motion on his qualified immunity defense as well as the subsequent order denying reconsideration of that order.

///

_____

      *      This matter was determined to be suitable for decision without oral argument.  L.R. 78-230(h).

1

A district court's denial of a summary judgment motion on the qualified immunity defense is appealable under certain circumstances notwithstanding absence of a final judgment. <u>See</u> <u>Cunningham v. City of Wenatchee</u>, 345 F.3d 802, 807-08 (9th Cir. 2003). Generally, "where . . . [an] interlocutory claim is immediately appealable, [the] filing [of the appeal] divests the district court of jurisdiction to proceed with trial." <u>Chuman v. Wright</u>, 960 F.2d 104, 105 (9th Cir. 1992). However, a district court is not divested of jurisdiction and may proceed with trial if it "certifies that the defendant's interlocutory appeal is 'frivolous' or 'forfeited.'" <u>Marks v. Clarke</u>, 102 F.3d 1012, 1017 n.8 (9th Cir. 1996). An appeal may be certified as frivolous if the appeal is "so baseless that it does not invoke appellate jurisdiction." <u>Id.</u> (quoting <u>Apostol v.</u> <u>Gallion</u>, 870 F.2d 1335, 1339 (7th Cir. 1989)).

To invoke appellate jurisdiction, a notice of appeal must be filed within thirty days "after the . . . order appealed from is entered." Fed. R. App. Proc. ("Rule") 4(a)(1)(A); <u>United States v.</u> <u>Sadler</u>, 480 F.3d 932, 937 (9th Cir. 2007) ("Rule 4(a) . . . is both mandatory and jurisdictional."). The thirty-day "clock for filing a notice of appeal begins to run" upon the entry of the order denying the qualified immunity defense. <u>See</u> <u>Fairley v. Fermaint</u>, 482 F.3d 897, 901 (7th Cir. 2007). The clock "stops if a motion for reconsideration is **filed while time for appeal remains**, and starts anew once such a motion is denied. [But] [a] motion for reconsideration **filed outside the time for appeal** . . . does not affect the time for appeal or reopen the window." <u>Fairley</u>, 482 F.3d at 901 (emphasis added) (citation omitted).

///

1    Here, the order which denied Defendant's qualified immunity

2  defense was entered March 14, 2008.  Defendant waited until April 25,

3  2008, to file his motion reconsideration, which was after expiration

4  of the thirty-day window period applicable to appeal of the March 14

5  order.  Defendant's "belated request for reconsideration[] d[id] not

6  reopen the time for appeal."  Id.  "[S]uch an appeal cannot resurrect

7  [Defendant's] expired right to contest the appropriateness of the

8  order underlying" the reconsideration motion.  Fisichelli v. City

9  Known As the Town of Methuen, 884 F.2d 17, 19 (1st Cir. 1989).

10         As a practical matter, this holding is virtually
           essential to orderly judicial management of the
11         vexing procedural problems which [would be created
           by a contrary ruling].  If [the Circuit] were
12         forced to entertain appeals such as this whenever
           a defendant had unsuccessfully sought
13         reconsideration, the district court's trial
           calendar would be bemired; Rule 4(a)(1) would be
14         stripped of all meaning; the uncertain business of
           qualified immunity would be made measurably more
15         problematic; and a dilatory defendant would
           receive not only his allotted bite at the apple,
16         but an invitation to gnaw at will.

17  Id. at 19.

18         Thus, even though Defendant's notice of appeal was filed

19  within thirty days of the order denying Defendant's reconsideration

20  motion, the reconsideration order is not immediately appealable under

21  the circumstances at issue.  "An order declining reconsideration of

22  the qualified immunity question [which decides a reconsideration

23  motion filed outside the applicable appellate period]--unlike an order

24  rejecting the defense--has never been thought immediately appealable."

25  Id. at 18.

26  ///

27  ///

28  ///

Since Defendant did not timely file his notice of appeal, his appeal is frivolous; therefore, his request to stay the action is denied.

IT IS SO ORDERED.

Dated:  July 22, 2008

GARLAND E. BURRELL, JR.
United States District Judge

4