IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRI DOROTHY CONTRERAS, individually and as Guardian Ad Litem for minor plaintiff D.C.,<br><br>Plaintiffs,<br><br>v.<br><br>JOSEPH DAVID ORNELAS,<br><br>Defendant. | 2:06-cv-02858-GEB-EFB<br><br><u>COMMUNICATION WITH ATTACHED</u><br><u>TRIAL DOCUMENTS FOR THE PARTIES</u> |

       Attached are voir dire questions, preliminary jury instructions, closing jury instructions and a verdict form.

       Defendant's submittal of proposed jury instruction no. 31 on his qualified immunity defense indicates that the question of law concerning this defense will be decided by the jury. However, the Final Pretrial Order ("FPO") has the jury deciding only disputed factual issues applicable to this defense. (FPO at 1.) A special verdict or interrogatories were required to be filed containing disputed factual issues pertinent to qualified immunity

1

defense. (FPO at 10.) Defendant's proposed Question 3 in the verdict form he filed July 25, 2008, does not propose a concrete enough jury question on his qualified immunity defense; rather, that question appears to just seek a jury response on the ultimate qualified immunity question. However, concrete questions should be proposed concerning the factual disputes applicable to the qualified immunity decision unless the parties stipulate to having the jury decide Defendant's qualified immunity defense as Defendant appears to propose.

Lastly, the color of office element for the Fourth Amendment claim has been omitted since it is evident the parties agree Defendant acted under color of his office. Where Defendant's actions "plainly fall within the ambit of actions taken under color of law," this element is understood to exist and no instruction on it is necessary. United States v. Giordano, 442 F.3d 30, 44 (2nd Cir. 2006). Therefore, unless a party shows why this element of Plaintiff's Fourth Amendment claim needs to be included in the Fourth Amendment instruction it will be omitted. Cf. Achor v. Riverside Golf Club, 117 F.3d 339, 341-42 (7th Cir. 1997) (indicating that instructions should help jurors concentrate on the issues at hand).

Dated: July 30, 2008

GARLAND E. BURRELL, JR.
United States District Judge