IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| TERRI CONTRERAS, individually and as guardian ad litem for minor plaintiff D.C.,<br><br>Plaintiffs,<br><br>v.<br><br>J.D. ORNELAS,<br><br>Defendant. | 2:06-cv-2858-GEB-EFB<br><br>ORDER |

Pending are Plaintiffs' and Defendant's respective motions in limine, filed July 29, 2008. Both sides filed oppositions on July 31, 2008.

**I. Plaintiffs' Motions in Limine**

<u>A. Motion to Exclude Evidence of Prior Arrest, Moving Violations and Traffic Infractions</u>

Plaintiffs seek exclusion of evidence "of a prior arrest of Plaintiff Terri Contreras ["Contreras"] that occurred in the 1980s, for a warrant from an unpaid speeding ticket," arguing admission would

1  violate Federal Rules of Evidence 403 and 404(a).  (Pls.' Mot. at
2  1:24-25.)
3           Plaintiffs also seek exclusion of "evidence of traffic
4  infractions and moving violations by Plaintiff Contreras unrelated to
5  the subject-incident of Plaintiffs' lawsuit . . . ."  (Id. at 2:21-
6  22.)  Plaintiffs argue this evidence should be barred under Federal
7  Rules of Evidence ("Rule") 403 and 404(a).
8           Defendant opposes the motion, arguing "[e]xperience and
9  familiarity with a prior arrest by a peace officer is directly
10 relevant to Contreras's claimed [emotional] distress during the
11 arrest" and therefore is admissible "to assist the jury in determining
12 the extent of damages suffered for mental anguish and emotional
13 distress."  (Def.'s Opp'n at 2:3-4, 7-9.)  Plaintiffs concede that
14 "[t]he only potential probative value of such evidence could relate to
15 Plaintiff [Contreras's] damages."
16          As stated in Bryan v. Jones, 519 F.2d 44, 46 (5th Cir.
17 1975), Defendant "should [be] given an opportunity to develop all
18 factual element[] . . . related to damages.  One such element is the
19 suffering caused by the very fact of incarceration . . . [T]his mental
20 anguish may be much less for the recidivist than for one incarcerated
21 for the first time."  Since Plaintiffs have not shown this evidence
22 should be excluded under Rule 403, this portion of the motion is
23 denied.
24          Plaintiffs also move for exclusion of "traffic infractions
25 and moving violations unrelated to the subject-incident."  (Pls.' Mot.
26 at 2:21-22.)  Defendant counters that "Contreras's claimed distress
27 during the arrest in this case" is relevant.  (Def.'s Opp'n at 2:16-
28 17.)  This evidence has not been shown to have sufficient probative

value to justify admission, in light of Rule 403 considerations. Therefore, this portion of Plaintiffs' motion is granted.

B. Motion to Exclude Evidence of Use of Controlled Substances Unrelated to the Incident Arrest

Plaintiffs seek exclusion of "evidence of any alleged use of controlled substances by Plaintiff Contreras unrelated to the subject-incidence arrest . . . ." (Pls.' Mot. at 3:7-8.) Defendant does not oppose this motion. This motion is granted.

C. Motion to Exclude Evidence and Witnesses by Defendant not Disclosed or Otherwise Made Known to Plaintiffs

This motion is denied since it unclear whether what is argued concerns a real controversy.

## II. Defendant's Motions in Limine

I. Motion to Exclude Evidence of Exculpatory Facts Not Known at Time of Arrest

Defendant seeks exclusion of "all facts and evidence not known to defendant at the time of the stop and arrest," arguing such evidence is irrelevant to the probable cause determination. (Def.'s Mot. at 2:18-20.)

Plaintiff counters Contreras's "factual sobriety" is relevant to her position that "she was 100% innocent" and did not "exhibit symptoms of intoxication." (Pls.' Opp'n at 2:8-9.) Part of the evidence Defendant seeks to exclude is Contreras's blood test results which she contends supports her position that she was sober when Defendant arrested her for driving under the influence of a drug.

Factual disputes exist as to whether Contreras lost her balance, was unsteady on her feet, slurred her speech, and/or failed the nystagmus sobriety test before Defendant arrested her. The

forensic test evidence is relevant to these factual disputes. See Tracton v. City of Miami Beach, 616 So. 2d 457, 457-58 (Fla. Dist. Ct. App. 1992) (holding trial court erred in excluding results of blood alcohol test showing plaintiff bringing false arrest claim was not under the influence of alcohol at the time of arrest). Accordingly, this portion of the motion is denied.

Defendant also seeks exclusion of evidence of the District attorney's decision not to file charges against Contreras. (Def.'s Mot. at 3:13-18.) Plaintiffs stated they "do not intend to offer" this evidence. (Pls.' Opp'n at 2:11.) Thus, this portion of the motion is denied since it is mooted by Plaintiffs response.

Defendant also seeks exclusion of testimony on Contreras's medical condition, care, and treatment prior to her arrest. (Def.'s Mot. at 2:21-28.) Plaintiffs counter in a conclusory manner that evidence "relates to plaintiffs' damages." (Pls.' Opp'n at 3:8.) This portion of the motion is denied.

Defendant also seeks exclusion of testimony on the mechanical condition of Contreras's vehicle. (Def.'s Mot. at 4:1-21.) Plaintiffs rejoin "[t]o the extent that the mechanical condition of Plaintiff's vehicle is relevant, explaining why her vehicle was broken down" is admissible. (Pls.' Opp'n at 4:1-5.) This evidence has not been shown to be necessary in light of undisputed fact 10 which states in pertinent part that Plaintiffs' vehicle "had broken down and the engine became inoperable."

///
///
///

## II. Motion to Exclude Plaintiffs from Offering Lay Opinion Testimony on Legal Conclusions

Defendant seeks to exclude Plaintiffs from testifying on whether Defendant had probable cause to arrest Contreras. (Def.'s Mot. at 4:22-5:8.) Plaintiffs respond that they only plan to testify on "certain experiences within their own personal knowledge" including that Contreras "did not lose her balance and touch[ed] her nose appropriately[,] . . . that her speech was not slurred and] that she was acting normally . . . ." (Pls.' Opp'n at 4:16-24.) Since Defendant has not shown that Plaintiffs' proffered testimony constitutes legal conclusions, this portion of the motion is denied.

Defendant also seeks to prevent Plaintiffs from testifying on whether or not they suffered psychological or emotional injuries. (Def.'s Mot. at 4:22-5:21.) Defendant argues that "[a]lthough plaintiffs may be able to describe the symptoms they experienced, they are not qualified to offer opinions as to causation and damages." (Id. at 5:10-12.) Plaintiffs respond that they "do not intend to offer expert opinions," but "will only testify to their experiences rationally based upon their personal knowledge . . . ." (Pls.' Opp'n at 4:8-15.) Defendant has not this proffered testimony is inadmissible; therefore, this portion of the motion is denied.

Defendant also seeks to exclude Contreras from "offer[ing] [her] opinion[] that [D]efendant's conduct caused Contreras to lose legal custody of her son, D.C." (Def.'s Mot. at 5:12-16.) Plaintiffs counter Contreras can "testify as to the factual basis upon which she lost custody of her son . . . and the time frame in which that process occurred [since] [t]hese are [] matters rationally based on [her] personal knowledge." (Pls.' Opp'n at 4:24-26.) Since Defendant has

not shown that Plaintiffs' anticipated testimony would constitute an inadmissible lay opinion, this portion of the motion is denied.

### III. Motion to Exclude Evidence Regarding Alleged Celebration of Contreras's Arrest

Defendant seeks to exclude evidence that after Contreras was arrested and brought to the Highway Patrol office, "someone, perhaps [D]efendant, announced 'got another one,' and someone placed a tally mark under [D]efendant's name on a blackboard." (Def.'s Mot. at 5:26-28.) Defendant contends, without elaborating, that this evidence is hearsay, irrelevant, and barred by Rule 403. (Id. at 6:1-4.)

Plaintiffs respond that this evidence is relevant to show Defendant's "intent, interest and motive (i.e. to make an arrest for some type of personal gain, as opposed to whether or not there was probable cause to arrest)." (Pls.' Opp'n at 5:7-9.) Defendant has not shown this evidence should be excluded. Therefore, this motion is denied.

### IV. Motion to Exclude Evidence Regarding False Police Report

Defendant seeks exclusion of "any evidence or argument regarding a false or inaccurate police report" since "[t]he existence of a falsified police report does not in and of itself violate a federal right." (Def.'s Mot. at 6:7-12.) Plaintiffs respond that their claims "are based on the arrest of [Contreras] without probable cause, not the filing of the police report itself. . . . Nothing in the prosecution of this case has ever indicated that Plaintiffs have sought recovery for 'the mere filing' of Defendant's [] false police report, by itself, without more." (Pls.' Opp'n at 5:25-6:6.) Plaintiffs assert the police report "may include relevant evidence to support Plaintiffs' claims, . . . contains evidence that may be used

for impeachment of [Defendant,] . . . [and] contains evidence pertaining to Plaintiffs' damages . . . ." (Id. at 5:27-6:2.) This motion is denied.

V. Motion to Exclude Witnesses from the Courtroom

Plaintiffs do not oppose this motion; therefore, this motion is granted.

VI. Motion to Exclude Evidence of Defendant's Financial Condition

Defendant seeks exclusion of "any evidence regarding [his] salary, net worth, or financial condition." (Def.'s Mot. at 6:27-28.) Plaintiffs oppose the motion.

This motion is moot since the trial has been bifurcated as stated in the Final Pretrial Order.

IT IS SO ORDERED.

Dated: August 4, 2008

_____
GARLAND E. BURRELL, JR.
United States District Judge